IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLYDE PIERCE,

                Plaintiff,

v.

MARTIN O'MALLEY,[1]

                Defendant.

OPINION and ORDER

23-cv-764-jdp

---

Plaintiff Clyde Pierce, proceeding without counsel, alleges that officials delayed more than a year in considering his request to reinstate Social Security benefits. The government moves to dismiss Pierce's amended complaint for failing to state a claim upon which relief may be granted. Dkt. 14. I will deny that motion.

BACKGROUND

Pierce resides in Dane County. In his original complaint, Pierce alleged that the Social Security Administration was failing to process his request for expedited reinstatement of his Social Security benefits and he sought a writ of mandamus and emergency injunctive relief. Dkt. 1. But before the government answered, Pierce sought to amend his complaint "to a civil damages claim." Dkt. 9. The court granted that request, Dkt. 10, and Pierce filed an amended complaint alleging that starting in August 2022, Social Security Administration staff unnecessarily delayed in approving his request for expedited reinstatement of his benefits. Without benefits, Pierce, who is homeless, suffered financial hardship and almost froze to

---

[1] Plaintiff has amended his complaint to name the current commissioner of Social Security as the defendant, so I have amended the caption accordingly.

death. In December 2023, he "was approved at the initial claim level for some unspecified disability that started on 08/18/22." Dkt. 11, ¶ 43.

ANALYSIS

Pierce alleges that Social Security Administration staff unnecessarily delayed in approving his request for expedited reinstatement of his benefits, and he brings claims under the Administrative Procedures Act, the Federal Tort Claims Act, and 42 U.S.C. § 1983. The government moves to dismiss the case for Pierce's failure to state a claim upon which relief may be granted.

A. Administrative Procedures Act

Under the APA, I may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C.A. § 706(1). The government argues that Pierce's APA claim has been mooted by his approval for benefits and that he cannot recover money damages under the APA for any past harm that Pierce suffered. I agree that Pierce can't recover damages for an APA claim, *see* 5 U.S.C. § 702; *Veluchamy v. FDIC*, 706 F.3d 810, 812 (7th Cir. 2013), and Pierce says that he doesn't seek money damages for this claim.

As for the mootness question, I agree with the government that Pierce couldn't bring an APA claim for the delay in reinstating his benefits if it in fact ultimately did reinstate those benefits. But I take Pierce to be saying that there is a disconnect between the benefit reinstatement that he sought and the benefits that were later approved: he says that "[n]o reinstatement process occurred" and that he "was newly adjudicated disabled for some unknown reason that began around the time I had originally asked for my benefits to be reinstated." Dkt. 16, at 3–4. Because I can infer that Pierce alleges that the Social Security

2

Administration continues to delay a ruling on his specific claim for benefits reinstatement and granted him unrelated benefits, I will deny the government's motion to dismiss this claim.

**B. 42 U.S.C. § 1983**

The government argues that Pierce cannot bring a § 1983 claim because claims under this provision can only be brought against persons acting under color of state law. Pierce responds that the local officials considering his reinstatement application were state officials acting under the authority of the federal government. In reply, the government argues that even if the persons who delayed in considering Pierce's request for reinstatement were state officials authorized to make disability determinations, they would have been applying federal law in doing so, and that § 1983 actions cannot be brought regarding actions taken under color of *federal* law.[2]

This argument fails because the Supreme Court has already concluded that a plaintiff may bring a § 1983 action against state officials who fail to properly interpret the Social Security Act to deprive the plaintiff of his rights under that law. *Maine v. Thiboutot*, 448 U.S. 1, 6–8 (1980). Pierce alleges that staffers in the local Social Security office ignored his repeated requests to reinstate his benefits, which appears to satisfy *Thiboutot*, and in any event, the government doesn't move for dismissal on the ground that Pierce hasn't properly pleaded a *Thiboutot*-type claim. I will deny the government's motion to dismiss on this claim.

There is one glaring problem with this claim, which is that Pierce doesn't name as a defendant any state officials. But because he states that he needs to use discovery to ascertain

---

[2] Pierce seeks to file a sur-reply on this issue. Dkt. 18. I will deny that motion because I do not need further briefing to resolve this issue.

their identities, I will assume that he means to name unidentified "John Doe" defendants and I will direct the clerk of court to add them to the caption.

At the preliminary pretrial conference that will be held later in this case, Magistrate Judge Anita Marie Boor will explain the process for Pierce to use discovery requests to identify the names of the John Doe defendants.

**C.  Federal Tort Claims Act**

Pierce also attempts to bring claims under the Federal Tort Claims Act regarding the delay with his benefits-reinstatement request. The government moves to dismiss solely on the ground that Pierce did not exhaust his administrative remedies for this claim, stating that Pierce did not allege that he exhausted these remedies and they attach a declaration from the Office of the General Counsel stating that it received no administrative tort claim from Pierce. But Pierce did allege that he filed such a claim, *see* Dkt. 11, ¶¶ 6, 30. This is a factual issue that cannot be resolved at the motion-to-dismiss stage. I will deny the government's motion regarding this claim.

Pierce does note that he has failed to name the United States as a defendant. *See Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States."). I will direct the clerk of court to add the United States to the caption.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to substitute Martin O'Malley, the United States of America, and John Doe state employees as defendants.

2. Plaintiff's motion for leave to file a sur-reply, Dkt. 18, is DENIED.

3. Defendant's motion to dismiss, Dkt. 14, is DENIED.

4

4. The clerk of court is directed to set a preliminary pretrial conference.

Entered November 26, 2024.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge